**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DEBROSKI K. WRIGHT, )<br>)<br>Defendant. )<br>_____) | CRIMINAL ACTION<br><br>No. 09-20035-02-KHV |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's pro se <u>Motion To Withdraw Plea Of Guilty</u> (Doc. #52) filed October 7, 2009 and defendant's letter (Doc. #61) which the Court received on October 29, 2009 and which the Court construes as a pro se motion for new counsel.[1] Defendant is represented by counsel, John Jenab, who has not signed the motions. The Court therefore overrules defendant's motions. <u>See</u> Fed. R. Civ. P. 11 (every pleading, written motion and other paper shall be signed by at least one attorney of record); <u>United States v. Sandoval-DeLao</u>, 283 Fed. Appx. 621, 625 (10th Cir. 2008) (no error in refusal to consider pro se motion when defendant represented by counsel); <u>United States v. Castellon</u>, 218 Fed. Appx. 775, 780 (10th Cir. 2007) (if criminal defendant represented by counsel, court does not accept pro se filings or allegations); <u>United States v. McKinley</u>, 58 F.3d 1475, 1480 (10th Cir. 1995) (no constitutional right to "hybrid form of representation").

Defendant's motion to withdraw his plea of guilty also lacks substantive merit. To withdraw a plea of guilty after the Court accepts the plea but before sentencing, defendant must show a "fair and just reason for requesting the withdrawal." Fed. R. Civ. P. 11(d)(2)(B). Defendant has not satisfied

---

[1] On October 22, 2009, defense counsel filed a <u>Motion To Withdraw</u> (Doc. #55). The Court will address that motion at the sentencing hearing set for November 10, 2009. At that time, defendant may explain his reasons for seeking new counsel.

this standard. First, defendant argues that counsel did not advise him that to find him guilty of using or carrying a firearm during and in relation to a drug trafficking crime or possessing a firearm in furtherance of a drug trafficking crime, the government had to prove beyond a reasonable doubt that defendant intended to distribute five or more grams of cocaine base. Defendant's argument is frivolous. Count 2 of the indictment charged defendant with use, carry and possession of a firearm in relation and in furtherance of the drug trafficking crime of "possession with intent to distribute cocaine base." Indictment (Doc. #15). To sustain a conviction on Count 2, the government was not required to establish that defendant intended to distribute a specific amount of cocaine base. See 18 U.S.C. § 924(c). Therefore, if counsel had told defendant that the government had to prove five grams or more of cocaine base to sustain a conviction on Count 2, he would have been wrong.

Next, defendant argues that counsel did not acquire DNA or fingerprint analysis of the confiscated gun to determine the weight of the government's evidence against him. Defendant does not claim that DNA or fingerprint evidence would have exonerated him, however, and a law enforcement officer saw defendant throw the pistol to the ground as he was running. The officer's testimony is sufficient to show that defendant possessed the firearm. Therefore, defendant has not shown a fair and just reason for requesting withdrawal of his plea.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion To Withdraw Plea Of Guilty (Doc. #52) filed October 7, 2009 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's letter (Doc. #61) which the Court received on October 29, 2009, and construes as a pro se motion for new counsel be and hereby is **OVERRULED**.

Dated this 5th day of November, 2009, at Kansas City, Kansas.

>  s/ Kathryn H. Vratil
>  KATHRYN H. VRATIL
>  United States District Judge