## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 09-20035-02-KHV |
| DEBROSKI K. WRIGHT, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### **ORDER**

This matter is before the Court on defendant's letter (Doc. #64) filed November 10, 2009, which the Court construes as a pro se motion to withdraw his guilty plea and for new counsel.[1] When defendant filed the motion, he was represented by counsel, John Jenab, who did not sign the motion. The Court therefore overrules defendant's motion. See Fed. R. Civ. P. 11 (every pleading, written motion and other paper shall be signed by at least one attorney of record); United States v. Sandoval-DeLao, 283 Fed. Appx. 621, 625 (10th Cir. 2008) (no error in refusal to consider pro se motion when defendant represented by counsel); United States v. Castellon, 218 Fed. Appx. 775, 780 (10th Cir. 2007) (if criminal defendant represented by counsel, court does not accept pro se filings or allegations); United States v. McKinley, 58 F.3d 1475, 1480 (10th Cir. 1995) (no constitutional right to "hybrid form of representation").

Defendant's motion also lacks substantive merit. To withdraw a plea of guilty after the Court accepts the plea but before sentencing, defendant must show a "fair and just reason for requesting the withdrawal." Fed. R. Civ. P. 11(d)(2)(B). Defendant has not satisfied this standard. First, defendant

---

[1] On November 10, 2009, the Court sustained defense counsel's motion to withdraw and directed the Clerk to appoint new counsel. Accordingly, the Court overrules as moot defendant's request for new counsel.

argues that counsel pressured him to plead and take 75 months in prison. At the change of plea hearing, however, defendant stated under oath that his plea was knowing and voluntary, that no one had forced or threatened him to enter it, and that the only reason he was entering a plea of guilty was that he was in fact guilty as charged. Indeed, defendant specifically stated that the reason he had changed his mind and decided to plead guilty in the middle of trial was the government's disclosure of certain tapes which incriminated him. In sum, the language of the plea agreement and the Rule 11 colloquy clearly establish that defendant's plea was knowing and voluntary.[2]

Next, defendant argues that counsel did not acquire DNA or fingerprint analysis of the confiscated gun to determine the weight of the government's evidence against him. Defendant insists that DNA or fingerprint analysis would have exonerated him. By itself, however, the absence of DNA or fingerprints is insufficient to acquit a defendant. Here, a law enforcement officer saw defendant throw the pistol to the ground as he was running. The officer's testimony is sufficient to show that defendant possessed the firearm. Therefore, defendant has not shown a fair and just reason for withdrawing his plea.

Finally, defendant argues that he never possessed five grams or more of cocaine base. As the Court explained at the hearing on November 10, 2009, defendant did not plead guilty to such a charge. Instead, defendant pled guilty to possession with intent to distribute cocaine base. See Superseding Information (Doc. #42). Because defendant did not plead guilty to possession with intent to distribute five grams or any other stated amount of cocaine base, his arguments as to quantity are irrelevant and

---

[2] In his letter, defendant argues that his counsel was ineffective because he was always suggesting that defendant take a plea. See letter (Doc. #64) at 1. Defendant's claim is refuted by his statements in the plea agreement and the Rule 11 colloquy. In addition, defendant's present claim is inconsistent with his claim in a prior letter in which defendant complained that counsel did not aggressively pursue the government's earlier plea offer. See letter (Doc. #61).

do not constitute a fair and just reason for requesting withdrawing his plea.[3]

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #64) filed November 10, 2009 and which the Court construes as a pro se motion to withdraw his guilty plea and for new counsel be and hereby is **OVERRULED**.

Dated this 17th day of November, 2009, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[3]  The Court has thoroughly reviewed defendant's arguments and believes that they largely reflect a misunderstanding of the charges to which he pled guilty and the effect of the proposed sentencing guideline range on his potential sentence. Because defendant pled guilty under an agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the precise quantity of cocaine base does not affect his sentence if the Court accepts the agreement. As the Court explained previously, if the Court chooses to not follow the specific sentence called for in the parties' agreement under Rule 11(c)(1)(C), defendant may withdraw his plea. See Fed. R. Crim. P. 11(d)(2)(A).